Case 1:15-cr-00100-JMS-TAB   Document 118   Filed 12/03/24   Page 1 of 8 PageID #: 795

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

United States of America
v.
JOSE EDUARDO MERCADO

Case No: 1:15-CR-00100-JMS-TAB-02
USM No: 08866-028

Date of Original Judgment: 10/21/2019
Date of Previous Amended Judgment:
*(Use Date of Last Amended Judgment if Any)*

Jacob Leon
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 12/03/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Jane Magnus-Stinson, District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cr-00100-JMS-TAB |
| | ) | |
| JOSE EDUARDO MERCADO a/k/a Jose Roman, | ) | -02 |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING AMENDMENT 821 MOTION**

Defendant Jose Eduardo Mercado (02) has filed an Amendment 821 Motion in which he seeks a sentence reduction based on United States Sentencing Guideline Amendment 821. [Filing No. 103.] The Motion is now ripe for the Court's review.

**I.**
**BACKGROUND**

Mr. Mercado was charged in this case with one count of possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and one count of being an illegal alien in possession of a firearm. [Filing No. 1.] He pled guilty to the possession with intent to distribute methamphetamine count and was sentenced to 100 months' imprisonment, to run consecutively with a 20-month sentence imposed in another case (*United States v. Jose Roman-Mercado*, Cause No. 1:08-cr-00051-JMS-DML).[1] [Filing No. 75 at

---

[1] In that case, Mr. Mercado pled guilty to one count of Illegal Reentry After Having Been Previously Deported Subsequent to a Conviction for an Aggravated Felony and received a sentence of 57 months' imprisonment with 3 years of supervised release. [Filing No. 29 in Cause No. 1:08-cr-00051-JMS-DML.] While on supervised release in that case, Mr. Mercado committed the offense charged in this case, his supervised release in the first case was revoked, and he was sentenced to 20 months' imprisonment in the first case. [Filing No. 54 in Cause No. 1:08-cr-00051-JMS-DML.]

2.] Mr. Mercado seeks relief under Amendment 821 to the United States Sentencing Guidelines in his Motion, arguing that under Amendment 821 he would no longer receive 2 status points for two prior non-violent convictions, so his criminal history decreases from category IV to III and his Guidelines range decreases from 70 to 87 months to 60 to 71 months. [Filing No. 103 at 8-9.] He requests that his sentence be reduced to 65 months. [Filing No. 103 at 9.] The Government asserts that Mr. Mercado has waived the claims that he raises in his Motion, that he cannot take advantage of Amendment 821 because his sentences was not based on the Sentencing Guidelines, that he inappropriately seeks to litigate the effectiveness of his counsel in his Motion, and that, in any event, the Court should exercise its discretion and deny a reduction. [Filing No. 113 at 5-16.]

## II.
### DISCUSSION

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's sentence is based on a guideline range that, after the defendant's sentencing, was lowered by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court determines whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination, the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable factors under 18 U.S.C. § 3553(a) and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827. The Court assumes without deciding that Mr. Mercado has not waived the claims

2

he raises in his Motion[2] and that his sentence was based on the Guidelines, and goes on to consider whether a sentence reduction is appropriate under the framework set forth above.

### A. Step One Analysis

At step one, in light of the Court's assumptions above, the Court agrees with Mr. Mercado that he is eligible for a sentence reduction. Amendment 821 altered the status points calculation in the Sentencing Guidelines as follows:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e).

Mr. Mercado received 2 status points because he committed the offense charged in this case while on supervised release for Illegal Reentry After Having Been Deported Subsequent to a Conviction for an Aggravated Felony. [*See* Filing No. 71 at 8.] Under Amendment 821, he would not receive any status points – his criminal history score was 6, so he did not meet the threshold criminal history score of 7 that would lead to the imposition of 1 status point for committing the offense charged in this case while on supervised release. [*See* Filing No. 71 at 8.] This reduction in status points would place Mr. Mercado in a criminal history category of III instead of IV, so his Guideline range would decrease from 70 to 87 months to 60 to 71 months, making him eligible for a sentence reduction. U.S.S.G. § 1B1.10(a)(1).

---

[2] In arguing that he has not waived the claims he raises in his Motion, Mr. Mercado asserts that his counsel was ineffective in negotiating his plea agreement. [*See* Filing No. 103 at 4; Filing No. 103 at 10-11.] The Court makes no findings or assumptions regarding Mr. Mercado's counsel's effectiveness and, to the extent Mr. Mercado intends to raise ineffective assistance of counsel, he cannot do so through a Motion to Reduce Sentence but must file a motion pursuant to 18 U.S.C. § 2255.

3

### B. Step Two Analysis

As to the step two analysis, the Court considers the § 3553(a) factors to determine whether Mr. Mercado is entitled to the sentence reduction.

In support of his Motion, Mr. Mercado argues that a 65-month sentence (not including his consecutive 20-month sentence in his other case) would be appropriate because his current 100-month sentence "constitutes a significant upward variance from his Guidelines range of 60-71 months" and "it is difficult to think of a more routine and simple drug case than [Mr. Mercado's]." [Filing No. 103 at 10.] Mr. Mercado asserts that leaving his sentence intact would create an unwarranted sentencing disparity with comparable defendants, "other inmates who have received similar relief in the Southern District of Indiana," and other defendants who have "worse criminal histor[ies]." [Filing No. 103 at 11-12.] He contends that a 65-month sentence is appropriate and that his sentence would also include deportation when he is released from prison. [Filing No. 103 at 14.] He argues that the reduced sentence would result in adequate deterrence, that he is "reaching an age at which recidivism is more unlikely to happen," and that he is not a danger to the community because he "has not committed a crime of violence" and will be deported so would not present a danger to anyone in this country. [Filing No. 103 at 14-15.] As for the nature and circumstances of his offense, Mr. Mercado argues that he committed the offense "while taking controlled substances and not having a clear mind to make good decisions" and that he "did not use any violence." [Filing No. 103 at 15-16.] For his history and characteristics, Mr. Mercado asserts that he lacked the guidance of a father growing up, lacked sufficient income to participate in activities and the opportunities that other children receive in this country, held employment for significant periods, played a part in his children's lives, "has not had a disciplinary incident [in the Bureau of Prisons ("BOP")] for more than 30 months, and…has had only 4 disciplinary incidents

4

in total since he was arrested in 2018," and has participated in many programs while in the BOP. [Filing No. 103 at 16-17.]

In its response, the Government argues that the nature and circumstances of the offense do not warrant a sentence reduction because Mr. Mercado intended to distribute over 200 grams of methamphetamine. [Filing No. 113 at 12.] As to his history and characteristics, it argues that Mr. Mercado has prior convictions for conspiracy to deal methamphetamine, unlawfully possessing a handgun, and illegally reentering the United States, and he committed the offense that is the subject of this case while serving a sentence in another case. [Filing No. 113 at 12.] The Government asserts that while in the BOP, Mr. Mercado committed an assault that caused serious injury in 2022, possessed a dangerous weapon in 2021, possessed drugs/alcohol in 2021, and was involved in a fight in 2020. [Filing No. 113 at 12.] The Government argues that although Mr. Mercado contends that he has played a role in his children's lives, he has been subject to a protective order for holding one of his children's mothers against her will and has no regular contact with two of his six children. [Filing No. 113 at 12-13.] It also notes that Mr. Mercado began dealing drugs before he started using heroin on a daily basis. [Filing No. 113 at 13.] The Government further asserts that Mr. Mercado has twice returned to the United States unlawfully after being deported, and that there is a need for continued deterrence given his disciplinary history in the BOP and his disrespect for the law. [Filing No. 113 at 13-14.] As for avoiding sentencing disparities, the Government points out that Mr. Mercado's co-defendant, Adrian Perez Mercado, also received a 120-month sentence and was not eligible for a sentence reduction. [Filing No. 113 at 15.] It notes that the defendants involved in other cases in this District were different from Mr. Mercado because none had illegally entered the United States to deal drugs, and all but one had never been disciplined for violence while in the BOP. [Filing No. 113 at 15-16.]

Mr. Mercado reiterates his arguments in his reply. [Filing No. 115 at 18-22.]

As for the nature and circumstances of the offense, the Court notes that Mr. Mercado was convicted of possession with intent to distribute 200 grams of methamphetamine – a substantial amount of a dangerous drug that he intended to distribute into the community. Mr. Mercado's relevant history and characteristics include the fact that he has been convicted before of conspiracy to deal methamphetamine, unlawfully possessing a handgun, and illegally reentering the United States after being deported, and that he committed the offense that is the subject of this case while on supervised release. The Court also finds it significant that Mr. Mercado has been involved in three violent incidents while in the BOP and has been disciplined four times, displaying a disrespect for the law and for BOP rules. Mr. Mercado makes much of the fact that he has not been disciplined during the past 30 months and has "only" been involved in those four incidents, but compliant behavior while in the BOP is expected. Mr. Mercado's disrespect for the law is most apparent, though, through his return to the United States twice after being deported and continuing to commit crimes after doing so. While Mr. Mercado argues that part of his sentence is deportation, that obviously has not provided adequate deterrence in the past. Finally, even though the guidelines range would be reduced due to the reduction in status points, the Court nevertheless finds it aggravating that Mr. Mercado committed the instant offense while under supervision. Again, disrespect for the law is demonstrated.

As for sentencing disparities, the Court need look no further than Mr. Mercado's co-defendant, Adrian Perez Mercado, who received a sentenced equivalent to the total 120-month sentence Mr. Mercado is serving and is not eligible for a sentence reduction under Amendment 821. [Filing No. 48; Filing No. 102.] The other defendants to which Mr. Mercado points all have

6

distinguishing characteristics and the Court finds that keeping Mr. Mercado's sentence in place does not create an unwanted sentencing disparity.

In short, the Court finds that consideration of the § 3553(a) factors does not warrant a sentence reduction and that the original 100-month sentence is needed based on the nature and circumstances of the offense and Mr. Mercado's history and characteristics, and to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes. Accordingly, Mr. Mercado's Amendment 821 Motion, [Filing No. 103], is **DENIED**.

### III.
### CONCLUSION

For the foregoing reasons, Mr. Mercado's Amendment 821 Motion, [103], is **DENIED**.

Date: 12/3/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**